**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**LARRY DICKERSON,**

        Petitioner,

    v.                            **CIVIL ACTION NO. 5:23-CV-106**
                                        Judge Bailey

**WARDEN FCI GILMER,**

        Respondent.

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

On March 22, 2023, the *pro se* petitioner, Larry Dickerson ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On April 3, 2023, petitioner paid the $5 filing fee [Doc. 7]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the validity of his sentence from the United States District Court for the Sothern District of Ohio. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

**II.    FACTUAL AND PROCEDURAL HISTORY[1]**

**A.  Conviction and Sentence**

---

[1] Unless otherwise noted, the information in this section is taken from petitioner's criminal docket available on PACER. *See **United States v. Dickerson**,* 2:20-CR-00191-SDM-1(S.D. Ohio 2020). ***Philips v. Pitt Cnty. Mem. Hosp.**,* 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil**,* 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

On October 26, 2020, petitioner was charged, via a one-count Information, with the "use of a facility of interstate commerce to attempt or persuade or entice a minor to engage in illegal sexual activity," in violation of 18 U.S.C. § 2422(b). On November 4, 2020, petitioner pled guilty, pursuant to a plea agreement, to the stated count in the United States District Court for the Southern District of Ohio.

According to the petition, the court applied a § 2G2.1 cross-reference sentence enhancement based on an agreed-upon statement of facts within the plea agreement and pursuant to U.S.S.G. § 2G1.3(c)(1). Petitioner states that this enhancement increased his offense level to 33, and together with a criminal history category of III, resulted in a sentencing guideline range of 168 months to 210 months imprisonment. Ultimately, on May 18, 2021, petitioner was sentenced to a term of 186 months imprisonment with a life term of supervised release. According to the Bureau of Prisons ("BOP") website, petitioner's current projected release date is October 2, 2033.

### B. Direct Appeal

Petitioner did not file a direct appeal.

### C. § 2255

On May 10, 2022, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255. On July 18, 2022, the district court denied the petition. On September 2, 2022, the Sixth Circuit denied petitioner's request for a certificate of appealability.

### D. The Instant Petition for Habeas Corpus Under § 2241

In the instant petition, petitioner challenges the validity of his sentence. Petitioner argues that the sentencing court erroneously imposed the § 2G2.1 cross-reference sentence enhancement and, thus, incorrectly calculated the applicable guideline range.

Petitioner contends his conduct does not qualify for the sentence enhancement, arguing that he did not commit the acts required by U.S.S.G. § 2G1.3(c)(1) to apply the enhancement. He characterizes this argument as an "actual innocence" claim. Petitioner asserts that the remedy under 28 U.S.C. § 2255 is, therefore, inadequate or ineffective to test the legality of his sentence. For relief, petitioner asks this Court to resentence him absent the enhancement.

### III.   LEGAL STANDARDS

**A.   Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.   Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See **Weller v. Dep't of Social**

***Servs.***, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

## IV. APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under section 2255 in the district court of conviction. ***Rice v. Rivera***, 617 F.3d 802, 807 (4th Cir. 2000); ***In re Vial***. 115 F.3d 1192, 1194 (4th Cir. 1997). Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." ***Anderson v. Pettiford***, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See ***In re Vial***, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. However, § 2255(e)

4

provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. **In re Vial**, 115 F.3d at 1194, n.5; **In re Jones**, 226 F.328, 333 (4th Cir. 2000). However, § 2255 is not inadequate or ineffective "merely … because an individual is procedurally barred from filing a Section 2255 motion," **Vial**, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. **Young v. Conley**, 128 Fed Supp.2d 354, 357 (S.D. W.Va. 2001).

Instead, a petitioner bears the burden of demonstrating through an exacting standard that the § 2255 remedy is "inadequate or ineffective" and that he satisfies the savings clause requirements. See **Hood v. United States**, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); **McGee v. Hanberry**, 604 F.2d 9, 10 (5th Cir. 1979); **Hayes v. Ziegler**, No. 5:11-cv-00261, 2014 WL 670850 (S.D. W.Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014). The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his **conviction** or the legality of his **sentence**. See **United States v. Wheeler**, 886 F.3d 415, 428 (4th Cir. 2018); **In re Jones**, 226 F.3d 328, 333–34 (4th Cir. 2000).

5

Where a petitioner is challenging the legality of his **conviction**, § 2255 is deemed to be "inadequate or ineffective" only when all **three** of the following conditions are satisfied: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333–34 (4th Cir. 2000).

With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3rd 415, 429 (4th Cir. 2018).

The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in *Wheeler*. *Id.* In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426.

## V.  ANALYSIS

Although petitioner raises the savings clause in his current § 2241 petition, he is not entitled to its application.  As previously noted, petitioner contends in his petition that his sentence was based in part on the erroneous application of a cross-reference sentence enhancement pursuant to U.S.S.G. § 2G1.3(c)(1).  Because this challenge is to the validity of his sentence, he must meet all four prongs of the *Wheeler* test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, petitioner cannot meet all four prongs of the *Wheeler* test.  Even if petitioner could meet the first, third, and fourth prongs of *Wheeler*, he is unable to meet the second, because he has not alleged a change in substantive law deemed to apply retroactively on collateral review.  Instead, petitioner merely argues the validity of the sentencing court's application of the enhancement based on the original evidence and the law settled at the time of his conviction and sentencing.  Accordingly, petitioner cannot meet the second prong of the *Wheeler* test and has not met his burden of demonstrating that he satisfies the savings clause requirements.

Because petitioner cannot satisfy the savings clause of § 2255(e) under *Wheeler*, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  ***Steel Co. v. Citizens for a Better Env't***, 523 U.S. 83, 118 S. Ct. 1003, 1012–16 (1998); ***Reinbold v. Evers***, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.  Further, as petitioner has paid

the $5 filing fee, the undersigned recommends that the Motion for Leave to Proceed *in forma pauperis* [**Doc. 8**] be **DENIED AS MOOT**.

Petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  May 30, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE