**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**LARRY DICKERSON,**

        Petitioner,

v.

                                            **CIVIL ACTION NO. 5:23-CV-106**
                                            Judge Bailey

**WARDEN FCI GILMER,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon Magistrate Judge Mazzone's recommendation that the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice and the Motion for Leave to Proceed *in forma pauperis* [Doc. 8] be denied as moot. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

Magistrate Judge Mazzone's Report and Recommendation ("R&R") accurately summarizes the background of this case:

**A. Conviction and Sentence**

On October 26, 2020, petitioner was charged, via a one-count Information, with the "use of a facility of interstate commerce to attempt or persuade or entice a minor to engage in illegal sexual activity," in violation of 18 U.S.C. § 2422(b). On November 4, 2020, petitioner pled guilty, pursuant to a plea

1

agreement, to the stated count in the United States District Court for the Southern District of Ohio.

According to the petition, the court applied a § 2G2.1 cross-reference sentence enhancement based on an agreed-upon statement of facts within the plea agreement and pursuant to U.S.S.G. § 2G1.3(c)(1). Petitioner states that this enhancement increased his level to 33, and together with a criminal history category of III, resulted in a sentencing guideline range of 168 months to 210 months imprisonment. Ultimately, on May 18, 2021, petitioner was sentenced to a term of 186 months imprisonment with a life term of supervised release. According to the Bureau of Prisons ("BOP") website, petitioner's current projected release date is October 2, 2023.

**B. Direct Appeal**

Petitioner did not file a direct appeal.

**C. § 2255**

On May 10, 2022, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255. On July 18, 2022, the district court denied the petition. On September 2, 2022, the Sixth Circuit denied petitioner's request for a certificate of appealability.

**D. The Instant Petition for Habeas Corpus Under § 2241**

In the instant petition, petitioner challenges the validity of his sentence. Petitioner argues that the sentencing court erroneously imposed the § 2G2.1 cross-reference sentence enhancement and, thus, incorrectly calculated the

applicable guideline range.  Petitioner contends his conduct does not qualify for the sentence enhancement, arguing that he did not commit the acts required by U.S.S.G § 2G1.3(c)(1) to apply the enhancement.  He characterizes this argument as an "actual innocence" claim.  Petitioner asserts that the remedy under 28 U.S.C. § 2255 is, therefore, inadequate or ineffective to test the legality of his sentence.  For relief, petitioner asks this Court to resentence him absent the enhancement.

[Doc. 10 at 2–3].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989);  ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  *Pro se* filings must be liberally construed and held to a less stringent standard than

3

those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner filed his objections [Doc. 14] on June 15, 2023. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also* **United States v. Poole**, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. **In re Jones**, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be

criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of

§ 2255 because the new rule is not one of constitutional law.

**Poole**, 531 F.3d at 269 (quoting **In re Jones**, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain

sentencing challenges. It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality
> of a sentence when: (1) at the time of sentencing, settled law of this circuit
> or the Supreme Court established the legality of the sentence; (2)
> subsequent to the prisoner's direct appeal and first § 2255 motion, the
> aforementioned settled substantive law changed and was deemed to apply
> retroactively on collateral review; (3) the prisoner is unable to meet the
> gatekeeping provisions of § 2255(h)(2) for second or successive motions;
> and (4) due to this retroactive change, the sentence now presents an error
> sufficiently grave to be deemed a fundamental defect.

**United States v. Wheeler**, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements

of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings

clause must meet either the **Jones** test (if challenging the legality of his conviction) or the

**Wheeler** test (if challenging the legality of his sentence) for the court to have subject-

matter jurisdiction to evaluate the merits of the petitioner's claims. *See* **Wheeler**, 886 F.3d

at 423–26.

In this case, Magistrate Judge found that the petitioner cannot satisfy the savings

clause of § 2255(e) under **Wheeler**. *See* [Doc. 10 at 7]. In this case, petitioner challenges

5

the validity of his sentence.   Accordingly, Magistrate Judge Mazzone noted that the petitioner must meet all four prongs of the *Wheeler* test.   Magistrate Judge Mazzone found that "even if petitioner met the first, third, and fourth prongs of *Wheeler*, he is unable to meet the second because he has not alleged a change in substantive law deemed to apply retroactively on collateral review." [Id]. "Instead, petitioner merely argues the validity of the sentencing court's application of the enhancement based on the original evidence and the law settled at the time of his conviction and sentencing." [Id.].   As such, Magistrate Judge Mazzone concluded that the petitioner's claims may not be considered under § 2241 and this Court is without jurisdiction to consider his petition. [Id.].

In his objections, petitioner does not argue that he can meet the second prong of the *Wheeler* test. *See* [Doc. 14].  Instead, the petitioner merely argues that his sentence was based on an erroneous increase to his sentencing range, which is the same argument he raises in his petition. *See* [id.].  Petitioner relies on a number of cases in support of his argument that his sentence was defective. *See* [id]. However, all of the cases petitioner relies on had been decided at the time of his conviction and sentencing.

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." *Green v. Rubenstein*, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).  "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." *Williams v. New York State Div. of Parole*, 2012 WL 2873569, at *2

6

(N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See **Mario v. P & C Food Markets, Inc.**,* 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." ***Mario***, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." ***Id.***; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Upon review of petitioner's objections, this Court finds that, even when construing them with a deferential view benefitting *pro se* litigants, the averments contained therein are so general that they fail to identify with specificity any portion of the R&R containing legal or factual error. Specifically, the petitioner does not object to the Magistrate Judge's finding that he cannot meet the second prong of the ***Wheeler*** test. Petitioner merely rehases the same argument he previously raised–that raised–that his sentence was based on an erroneous increase to his sentencing range. *See* [Doc. 14]. Accordingly, petitioner's objections are overruled, and this Court will review the entirety of the R&R for clear error.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 10]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 14]** are **OVERRULED**. The petitioner's Petition for Habeas Corpus

Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE** and the Motion for Leave to Proceed *in forma pauperis* **[Doc. 8]** is **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: June 23, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE